Robert Thielman, Defendant in Error, v. Benjamin F. Straus, trading as B. F. Straus & Company, Plaintiff in Error.

Gen. No. 20,651.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed February 16, 1916.

## Statement of the Case.

Action in the Municipal Court of Chicago by Robert Thielman, plaintiff, against Benjamin F. Straus, trading as B. F. Straus & Company, defendant, on his check for $500, which was indorsed to plaintiff by the payee. Upon a judgment in favor of plaintiff, defendant sued out a writ of error.

Defendant drew a check for $500 in favor of the Hanna-Breckenridge Company, which indorsed it to plaintiff. Defendant in his affidavit of merits alleged that the payee of the check fraudulently represented to defendant that it was the owner of promissory notes of solvent makers to the value of $2,000 which would be paid at maturity; but that such makers were, to the payee's knowledge, insolvent; that payee knew this statement was false and made it for the purpose of obtaining the check; that plaintiff never paid any value for the check and was not an innocent holder; that the check was delivered to him for the purpose of making it appear that he was the owner and holder thereof for value.

Upon the trial the deposition of the plaintiff stated that he received the check from the payee to apply on an account of about $4,000, which the payee owed him; that no part of that amount ever had been paid; that he deposited such check in the bank, was credited with it and afterwards it was protested and returned,

Defendant testifying on his own behalf was not permitted to relate conversation which he had held with the president of the payee company at the time he delivered the check to him, although his counsel offered to prove that on the day the check was dated the president of the payee company stated to defendant that he would not use the check under any circumstances; that plaintiff was not indebted to the payee at that time, and "that upon said representations that he would not use the check, meaning they would not put it in the bank for collection," defendant gave him the check; that the payee company had offered for sale to defendant on said dates, notes to the amount of $2,500; that said notes were of no value; that the payee owed Straus over $5,000, and that the president of the payee had the note in his possession as late as the 20th of November. Aside from the proof made in regard to the distances of different towns from Chicago, this was all the evidence offered or received.

WILLIAM A. BOWLES and JAMES E. BOWLES, for plaintiff in error.

ELBERT C. FERGUSON, for defendant in error; EDWARD L. ENGLAND, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 61*—*when offered proof insufficient to establish fraud by payee.* Where defendant had drawn a check to payee which payee indorsed to plaintiff and defendant, in an action in the Municipal Court of Chicago, upon such check filed an affidavit of merits to the effect that payee obtained the check by fraudulently representing that he was the owner of certain promissory notes of a certain value, with solvent makers, and which would be paid at maturity, and that plaintiff was not an innocent holder of the check

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for value, *held* that no defense could have been made by offered proof that on the day the check was dated payee stated to defendant that he would not put it in the bank for collection; that payee company offered to sell valueless notes to defendant; that payee owed defendant a certain sum; that payee had the check in his possession for thirteen days, there having been no other evidence in regard to the matter nor any offer of other evidence.

2. APPEAL AND ERROR, § 1772*—*when judgment not reversed for exclusion of evidence.* Where the evidence establishes a cause of action and defendant makes an offer of proof which is excluded, the judgment will not be reversed unless the specific facts offered to be proved are sufficient to establish a defense.

3. EVIDENCE, § 461*—*when evidence sufficient to establish a de-fense.* To make out a defense it is sufficient if the proof offered, when viewed in its most favorable light and considered in connection with other evidence received or expressly offered by defendant, could constitute a defense.